# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

JACOB ROSS DALEY                                                      PLAINTIFF

v.                                        CIVIL ACTION NO. 3:18-CV-P317-CHB

CENTRAL INTELLIGENCE AGENCY                           DEFENDANT

## MEMORANDUM OPINION

The plaintiff Jacob Ross Daley filed a *pro se*, *in forma pauperis* complaint. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss this action.

## I. SUMMARY OF CLAIMS

The plaintiff, an inmate at the Kentucky State Reformatory, alleges that for the past two years the Central Intelligence Agency (CIA) has been investigating him. He states that beginning in December 2015, "the CIA has been using ions or some type of electromagnetic propulsion to apply algorythems on my brain and in my mind. The CIA has tortured me causing me intense pain on my mind and body." He states further, "I admit I have needed some type of proof so I started with the Freedom of Information Act to prove the CIA's involvement with me." He states that "the CIA having me in their detention program went to the next level to interrogate me and started poisoning me using radioactive gas on my stomach . . . . This happened over twenty different times[.]" He further states that he sent a sample of his feces to the National Security Agency's deputy director and that it tested "positive for radioactive decay."

As relief, the plaintiff wants monetary damages and "release on parole, expungement."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, the plaintiff's claims relating to being poisoned by the CIA lacks an arguable basis in either law or fact. "Although these matters are real to Plaintiff, the allegations are so fanciful

that a reasonable person would find them irrational and completely lacking any factual basis." *Burley v. Unknown Defendants*, No. 2:15-CV-143, 2015 WL 8488652, at *3 (S.D. Tex. June 19, 2015), *report and recommendation adopted*, No. 2:15-CV-143, 2015 WL 8212681 (S.D. Tex. Dec. 7, 2015); *see also Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (holding that claims that are "essentially fictitious" include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention."). Therefore, dismissal is appropriate. *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004) (holding that where facts alleged are delusional, dismissal as frivolous is appropriate).

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss this action.

Date: August 20, 2018

*Claria Horn Boom*
Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
　　Counsel of record
A958.011

3